UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEANERIC DUPAS,
  plaintiff,

      v.                                    PRISONER
                              CASE NO. 3:12-cv-1215(AVC)

LEO ARNONE, et al.,
  defendants.

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Commissioner of Correction Leo Arnone, Deputy Commissioner James Dzurenda, Director of Classification and Population Management Lynn Milling, Warden Peter Murphy, Captain and Unit Manager K. Manley, Captain and Unit Manager Maurice Butler and Counselor R. Clark, along with four John Does and three Jane Does. The plaintiff states that he was sexually assaulted at MacDougall Correctional Institution because the defendants failed to comply with his request to be transferred to protective custody.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the

truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that he was convicted in a high profile rape and murder case. The plaintiff states that while he was in custody, he was threatened and physically and sexually assaulted. The plaintiff requested protective custody status several times, both before and after the threats and sexual assault, directing his requests to defendants Clark, Manley and Murphy. The plaintiff states that protective custody status was denied because he could not provide the names of any person

threatening him.

Attached to the complaint is a document indicating that protective custody status was approved on June 20, 2007. In May 2010, defendants Manley and Butler investigated the plaintiff for protective custody status and determined that protective custody was not warranted. Also attached is a grievance filed in January 2012, indicating that defendant Manley refused the plaintiff's August 10, 2009 request for protective custody status. The plaintiff alleges no harm resulting from the failure to house him in protective custody per his 2010 request.

Defendants Arnone, Dzurenda and Milling are supervisory officials. It was well settled in this circuit that there were five ways to demonstrate the personal involvement of a supervisory defendant:

> "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)(citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). In addition, the plaintiff must demonstrate an affirmative causal link between the supervisory official's failure to act and his injury. See Poe v.

Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

The decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), caused many courts to reexamine this issue. In Iqbal, the Supreme Court rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution," and concluded that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 677.

Since Iqbal, districts courts within this circuit have determined that not all five of Colon's categories of conduct giving rise to supervisory liability remain viable. See e.g., Bellamy v. Mount Vernon Hospital, No. 07 Civ. 1801(SAS), 2009 WL 1835939 at *6 (S.D.N.Y. June 26, 2009). In Bellamy, the court held that "[t]he Supreme Court's decision in Iqbal v. Ashcroft abrogates several of the categories of supervisory liability enumerated in Colon v. Coughlin. Iqbal's active conduct standard only imposes liability on a supervisor through section 1983 if that supervisor actively had a hand in the alleged constitutional violation. Only the first and part of the third Colon categories pass Iqbal's muster." Id. at *6. See also Bryant v. County of Monroe, No. 09-CV-6415-CJS, 2010 WL 4877799 at *3 (W.D.N.Y. Nov. 22, 2010) (applying the Bellamy anlysis of Iqbal). Other district courts restrict application of Iqbal to cases involving discriminatory intent. See, e.g., Delgado v. Bezio, No. 09 Civ.

6899(LTS), 2011 WL 1842294 at *9 (S.D.N.Y. May 9, 2011) (holding that "'[i]t was with intent-based constitutional claims in mind, specifically racial discrimination, that the Supreme Court rejected [in Iqbal] the argument that a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution.' ... Thus, where the claim does not require a showing of discriminatory intent, the Colon analysis should still apply, insofar as it is 'consistent with the particular constitutional provision alleged to have been violated.'" (internal citations omitted)). The Second Circuit has not yet addressed this issue.

This court need not determine whether Iqbal applies in all cases or just those involving discriminatory intent because the plaintiff fails to allege any facts indicating that the defendants, Arnone, Dzurenda and Milling were even aware of his claims. The mere fact that they are supervisors is insufficient to support a claim against them. Accordingly, all claims against the defendants, Arnone, Dzurenda and Milling are dismissed pursuant to 28 U.S.C. § 1915A.

With respect to the Eighth Amendment claim against the defendants, Manly and Butler, the plaintiff has attached documents to his complaint indicating that the defendants investigated his 2010 request for protective custody status and determined that protective custody was not warranted. The Eighth

5

Amendment's proscription against cruel and unusual punishment imposes a duty on prison officials to make reasonable efforts to ensure inmate safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). This duty includes protecting inmates from harm at the hands of other inmates. See id.; Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997). To establish a constitutional violation, a prisoner must show that the conditions of his incarceration posed a substantial risk of serious harm and that the prison official was deliberately indifferent to his safety. See Farmer, 511 U.S. at 834. Deliberate indifference exists where the official both knows of and disregards an excessive risk to inmate safety. See id. at 837. Absent any allegation of harm suffered as a result of their determination, there is no basis for an Eighth Amendment claim regarding the 2010 request. As this is the only reference to the defendant, Butler, all claims against him and any claims based on any requests for protective custody after August 2009, are dismissed pursuant to 20 U.S.C. § 1915A.

At this time, that the complaint will be served on the defendants, Murphy, Manley and Clark, in their individual and official capacities regarding the denial of the August 2009 request for protective custody.

**ORDERS**

In accordance with the foregoing analysis, the court enters

the following orders:

(1) All claims against the defendants, Arnone, Dzurenda, Milling and Butler, and any claims based on requests for transfer to protective custody other than in August 2009, are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2) **The Pro Se Prisoner Litigation Office shall** verify the current work address of the defendants, Murphy, Manley and Clark, with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to them at the confirmed address within **fourteen (14) days** of this order. The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint with all exhibits on the defendants, Murphy, Manley and Clark, in their official capacities, at the

Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this order.

(5) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this ruling and order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(6) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims. They also may include any and all additional defenses permitted by the federal rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8) Any motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection.

(10) The court cannot effect service on John Does ##1-4 and Jane Does ##1-3 without their full names and current work addresses.  The plaintiff is directed to file an amended complaint containing this information.  The plaintiff shall file the amended complaint within **twenty (20) days** from the date of this order.  Failure to comply with this order may result in the dismissal of the claims against defendants Doe without further notice from the court.

**SO ORDERED** this 8TH day of October 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
_____
Alfred W. Covello
United States District Judge